IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES SAMUEL HARTZOL, III,** <br><br> **Plaintiff,** <br><br> v. <br><br> **MORGAN GIUEOMA,** <br> **K HART,** <br> **R. CAMPBELL, and** <br> **MONTRAY,** <br><br> **Defendants.** | Case No. 24-cv-01824-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Charles Hartzol, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center (Menard), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges that on February 9, 2024, he had an appointment at St. Joseph Hospital for an MRI of his right leg. (Doc. 1, p. 5). Prior to loading into the van to be transported to the hospital, Correctional Officer Montray refused to provide Plaintiff a stool to help him step up into the vehicle. Plaintiff informed Montray that his leg was "not in good condition," and his ankles were shackled, making it difficult for him to climb into the van. Montray ignored Plaintiff's

request. While climbing into the van, Plaintiff fell and hit his head and the side of his lower back. Plaintiff busted his bottom lip, and he further injured his leg. (*Id.*).

Once Plaintiff arrived at the hospital, he was allowed to use a stool to descend from the van and was provided some medical attention for his injuries from a nurse. (Doc. 1, p. 5). Plaintiff told Montray that he would need to go to the health care unit when he returned to the correctional facility because he was having serious pain in his back, forehead, and mouth. Montray refused to take Plaintiff to the health care unit. (*Id.*).

After he returned to Menard, that same afternoon, Plaintiff told Correctional Officer Hart about the incident and that he was really suffering from head trauma. (Doc. 1, p. 6). Eventually, Hart took Plaintiff to see Nurse Giueoma. Plaintiff was given antibiotic ointment but not anything for his pain. As of filing the Complaint on August 1, 2024, Plaintiff states he is still suffering. (*Id.*).

## PRELIMINARY DISMISSALS

Plaintiff names "R Campbell" as a defendant in the case caption but does not assert any allegations against this individual in the body of the Complaint. As the Court is unable to ascertain what claims, if any, Plaintiff has against Campbell, all claims against Campbell are dismissed without prejudice. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following counts:

**Count 1:** Eighth Amendment deliberate indifference claim against Montray for forcing Plaintiff to enter the transportation vehicle unassisted, with an injured leg, and shackled resulting in further injuries.

**Count 2:** Eighth Amendment deliberate indifference claim against Montray, Hart, and Giueoma for denying Plaintiff adequate medical care for his injuries sustained on February 9, 2024, while trying to climb into the transportation vehicle unassisted.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Count 1

Plaintiff has sufficiently stated a claim against Correctional Officer Montray for deliberate indifference to "an unreasonable risk of serious damage to his future health," by forcing Plaintiff to attempt to climb into the transport van while shackled, with an injured leg, and unassisted. *Anderson v. Morrison,* 835 F. 3d 681, 683 (7th Cir. 2016) (quoting *Helling v. McKinney,* 509 U.S. 25, 35 (1993)). While prisons "are not required to provide a maximally safe environment…they must address easily preventable observed hazards that pose a significant risk of severe harm to inmates." *Id.* (internal citations and quotations omitted) (stating that forcing "someone to walk handcuffed and unaided down stairs needlessly strewn with easily removable milk, food, and garbage…poses an unreasonable peril"). Accordingly, Count 1 will proceed against Montray.

### Count 2

Count 2 will proceed against Montray for refusing to take Plaintiff to the health care unit upon their return to Menard from the hospital.

Count 2 will be dismissed as to Hart. Plaintiff states that Hart "for a minute" disregarded his complaints of pain and head trauma, but then took Plaintiff to be seen by a nurse. This description of Hart's conduct does not rise to the level of deliberate indifference, which requires actions or omissions akin to criminal recklessness. *See Klebanowski v. Sheahan*, 540 F. 3d 633, 639-40 (7th Cir. 2008).

---

[1] *See Bell Atlantic, Corp.,* 550 U.S. at 570.

Count 2 will also be dismissed as to Nurse Giueoma. Plaintiff alleges that he saw Giueoma one time on February 9, 2024, following his fall. Giueoma gave him antibiotic cream but not any pain pills. (Doc. 1, p. 6). He asserts that he is still suffering but has not pled any facts from which the Court can reasonably infer the Giueoma has continued to treat Plaintiff or disregarded his ongoing complaints of pain. As isolated instances of neglect are generally insufficient to support a claim of Eighth Amendment deliberate indifference, Plaintiff has failed to state a claim of deliberate indifference as to Nurse Giueoma for failing to provide him with pain medication on February 9, 2024. *See Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir.1997). *See also Owens v. Duncan*, 788 F. App'x 371, 374 (7th Cir. 2019) (a single interaction with staff at sick call did not amount to deliberate indifference).

### MOTIONS FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion seeking court recruited counsel. (Doc. 3). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff has not explained his attempts to acquire a lawyer himself. He simply has attached two letters from a single law firm declining to take his case. One letter is dated October 24, 2023, before the events alleged in the Complaint even occurred, and it is unclear whether the other letter was in response to seeking counsel in connection *with this particular case*. Plaintiff filed three separate cases in this District in August 2024, along with motions seeking court recruited counsel in each case. For these reasons, Plaintiff has failed to satisfy his threshold burden of demonstrating that he has made reasonable efforts to obtain counsel prior to seeking the assistance of the Court.

Accordingly, the motion is **DENIED.** Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. Plaintiff shall proceed with **Count 1** and **Count 2** against Montray. All claims against Hart, Campbell, and Giueoma are dismissed without prejudice. The Clerk is **DIRECTED** to terminate these individuals as parties on the docket. The Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Montray the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint and this Memorandum and Order to the Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only

by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant only needs to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 27, 2024**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.